**ALMS & DOEPKE COMPANY, an Ohio corporation, Plaintiff, v. JOHNSON; OHIO FARMERS INDEMNITY COMPANY, an Ohio corporation; BRIGHT, Defendants.**

Common Pleas Court, Hamilton County.

No. A-133850.   Decided July 1, 1953.

Anthony J. DeCenso, Julius R. Samuels, Cincinnati, for plaintiff.

Edward J. Utz, Cincinnati, for Ohio Farmers Indemnity Company, defendant.

## OPINION

By WOESTE, J.

The within action is brought under authority of §11760 GC (§2333.01 R. C.), authorizing a civil action to reach "equitable and certain other assets" belonging to a judgment debtor.

The petition contains the following averments:

"At the October term of the Municipal Court of Cincinnati, Hamilton county, Ohio, plaintiff recovered a judgment against the defendant, Marian C. Johnson in the sum of three hundred and forty five dollars and fifty cents ($345.50), seventy dollars and eighty four cents ($70.84) interest, and twenty seven dollars and twenty five cents ($27.25) court costs. Said judgment was obtained November 6th, 1948, and is known and numbered as No. 455641, Municipal Court of Cincinnati, state of Ohio.

"On the 21st day of November, 1948, plaintiff filed a certificate of judgment in the Court of Common Pleas and also caused an execution to issue on said judgment, being execution No. 57221, which was duly returned wholly unsatisfied and there is now due the plaintiff on said judgment the sum of $443.59 including interest from the 6th day of November, 1948.

"Said Marian C. Johnson has not personal or real property subject to levy on execution sufficient to satisfy said judgment.

"The defendants, Ohio Farmers Indemnity Company, a corporation of Ohio and Lester W. Bright have property and money and credits in their possessions belonging to the said defendant, Marian C. Johnson, and more particularly any settlement due or to become due arising out of auto accident in which said defendant, Lester W. Bright was insured by defendant, Ohio Farmers Indemnity Company, a corporation of Ohio, or any other money that may be due him from any claim whatsoever.

"Wherefore plaintiff prays that said defendants, Ohio Farmers Indemnity Company, a corporation of Ohio and Lester W. Bright be enjoined respectively from paying over any money

due said defendant, Marian C. Johnson, and that the same be applied to the satisfaction of said judgment."

The Ohio Farmers Indemnity Company challenged the legality of the service of summons, and pleaded a general denial to the petition in its other content.

The defendant, Lester W. Bright, filed a general denial.

The evidence in the case is, in substance, that:

On February 1, 1952, the defendant, Lester W. Bright, while driving his automobile struck and injured the defendant, Marian C. Johnson. At the time of this accident Bright was insured by the defendant, Ohio Farmers Indemnity Company, by a policy which indemnified him from any loss resulting from liability, on his part, arising from the operation of his automobile. The policy was in full force and effect on the date of the accident.

The defendant, Marian C. Johnson, filed suit against the defendant Bright in the Court of Common Pleas for this county to recover for the injuries she suffered by reason of the accident. That suit was later dismissed, as it will hereinafter appear.

One Dean Brenton was in charge of the Cincinnati office of the defendant, Ohio Farmers Indemnity Company who corroborated the existence of the policy and that it was in full force and effect, and added that the limits of liability were ten thousand dollars for one person, and twenty thousand dollars for more than one person. Formal service of the suit against the assured was given to this company representative. That suit was dismissed and according to the company representative such dismissal was on the basis that all claims and controversies had been settled by his company and that it paid Marian C. Johnson, through her attorney, the sum of four thousand dollars in full settlement of the case against the defendant Bright. This settlement was effected on September 25, 1952. However, on August 15, 1952, and before the date of the settlement of the aforesaid case he was served with formal notice of the pendency of the within action. There was a frank admission by the company representative that notwithstanding the fact that the suit of the plaintiff in this case was pending and that he had notice, he nevertheless, did not withhold any moneys to secure the present plaintiff to the extent of its judgment.

It is the conclusion of this court that **Syllabus I** in **Cincinnati v. Hafer, 49 Oh St, 60,** contains the prevailing law on the subject at issue.

Section 5464, Revised Statutes provided in part that:

"When a judgment debtor has not personal or real property

subject to levy on execution sufficient to satisfy the judgment * * * an interest he has in * * * any money, contract, claim or chose in acction, due or to become due to him, or any judgment or order, or any money, goods, or effects which he has in the possession of any person * * * shall be subject to the payment of the judgment, by action."

. Present §11760 GC (§2333.01 R. C.) is in **pari materia** with former Section 5464 of the Revised Statutes.

**Sec. 11760 GC (§2333.01 R. C.):** "Equitable and certain other assets. When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim or chose in action. due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action."

This court adopts the syllabus of Cincinnati v. Hafer, supra as the law of this case.

Historically, that case was grounded upon the following situation: George Hafer recovered a judgment on May 31, 1880 for $301.01, against one Sarah Teetor. At the time of recovery of this judgment a suit was pending in the Court of Common Pleas in which Mrs. Teetor, as plaintiff, claimed damages from the city of Cincinnati. On November 20, 1880, Hafer commenced a suit in the nature of a creditor's bill in the Common Pleas Court against Mrs. Teetor and the city of Cincinnati to subject any judgment in favor of Mrs. Teetor to the payment of Hafer's claim. In October of 1886, Mrs. Teetor recovered a judgment against the city of Cincinnati in the sum of $1,002.00 and shortly thereafter, the city solicitor paid the full amount of this judgment to the plaintiff. Upon discovery of this action by the city solicitor's office, Hafer asked the Court of Common Pleas to render a judgment against the city on grounds that the city of Cincinnati paid the judgment in full when it had notice by service of a copy of the creditor's bill that the plaintiff, Hafer, had recovered a judgment earlier against Mrs. Teetor. The court ruled in favor of Hafer and rendered a judgment in his favor against the city of Cincinnati in the sum of $449.15. This was the full amount due Hafer from Mrs. Tetor, including interest and court costs.

The court, in that case, projected the issue in the following language:

"The main question arising on the record is whether Mrs.

584

Teetor's demand against the city of Cincinnati for unliqui-
dated damages was of such a nature that before it was re-
duced to judgment, Hafer, the judgment creditor, could, by a
suit in the nature of a creditor's bill against her and the city
of Cincinnati, acquire a lien in equity on her interest in such
demand, and become entitled to payment of the same in the
event of succeeding in her suit."

It was upon this query that the enunciation in Syllabus I
was elicited as follows:

"Where a judgment debtor has commenced an action against
another, for unliquidated damages arising out of an injury to
his real estate, and the judgment creditor of such debtor,
thereafter, and while his judgment is alive, commences a suit
under Section 5464 of the Revised Statutes, in the nature of a
creditor's bill, against such debtor and the wrongdoer, to sub-
ject to the payment of his judgment, the debtor's interest in
the chose in action or claim for damages, the judgment
creditor may acquire a lien in equity upon such interest of the
debtor, from the commencement of his suit, where the de-
mand of the judgment debtor for unliquidated damages is
reduced to judgment during the pendency of the creditor's
bill."

In commenting on the nature of this statute, the United
States Circuit Court of Appeals in an opinion by the Honor-
able Judge Lurton, in the case of Brooks v. Raynolds, 16 U. S.
App. 713, said:

"This Ohio Statute ought not to be construed as relating to
or dealing with the substantive laws of property. It is found
in the Code of Civil Procedure, and it should be regarded as
extending the remedy to creditors of property and property
interest not subject to seizure by execution at common law on
account of the narrowness of the common law writ. At
common law the writ of execution was limited in its operation,
and was, in addition, confined to those estates recognized
by the law as legal estates. Choses in action, and equitable
interest, were not subject to common law writs. On account
of this the jurisdiction of equity to entertain suits in aid of
a creditor had its origin. 3 Pom. Eq. Jur. No. 1415.

"Statutes had been enacted in many states extending com-
mon law remedies and enlarging equitable jurisdiction in
creditor's suits. This Ohio Statute is one of this class."

The defendant, Ohio Farmers Indemnity Company, insists
that it owed no duty to Lester W. Bright, in this case until
he became legally liable to pay the sum, and point out their
policy provision:

"Coverage H—Bodily Injury Liability.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident arising out of the ownership, maintenance or use of the automobile."

Surely the position of the company in this regard cannot be held to be tenable. The mere fact that there has been no judgment against their assured in no way alters their policy to indemnify the assured against liability, and such legal duty arises under their policy from the very inception of the accident caused by the operation of the automobile by the assured.

Therefore, in the present instance their payment of four thousand ($4,000.00) dollars to their assured's creditor was done at their peril after having received notice and service of summons in the pending action.

The specific challenge of the legality of the service of summons made by the defendant in its answer has not been sustained.

The court holds, therefore, that the plaintiff herein is entitled to judgment against the defendant, Ohio Farmers Indemnity Company, in the sum of four hundred sixteen dollars ($416.34) thirty-four cents, plus the cost of this action.